IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

GLENN MYER,

    Plaintiff,

v.      Civil Action No. 1:18-cv-723

RALPH NORTHAM,
*et al.*,

    Defendants.

## Memorandum Opinion

THIS MATTER comes before the Court on Defendants Walgreen Pharmacies (Dkt. 73), Inova Pharmacy and Several Pharmacists at Inova (Dkt. 79), Governor Northam, the Individual State Defendants[1], the Virginia Board of Pharmacy, Virginia Board of Nursing, Virginia Board of Physical Therapy (Dkt. 76), Bodies in Motion, Michael Mastrostefano (Dkt. 87), Aetna Insurance (Dkt. 94), Sharon Bulova, Fairfax Adult Detention Center ("FADC"), Sheriff Stacey Kincaid, and Deputy Sheriff Omar Mercedes's (Dkt. 91) (collectively "Defendants") Motions to Dismiss Plaintiff's

---

[1] Individual State Defendants refers to the members and staff of the Virginia Boards of Nursing, Pharmacy, and Physical Therapy that were named in the Complaint including Tracey Alder, Jody H. Allen, Melvin L. Boone, Sr, Arena, L. Dailey, Jay Douglas, Sheila K.W. Elliott, Michael I. Elliott, Robin Hills, James L. Jenkins, Jr, Allen R. Jones, Jr, Linda Kleiner, Brenda Krohn, Elizabeth Locke, Mira Mariano, Susan Szasz Palmer, Jodi Power, Charlotte Ridout, Rafael Saenz, Paula Saxby, Sarah Schmidt, Rebecca Thornbury, Huong Vu, Cynthia Warriner, Stephanie Willinger.

Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as well as Plaintiff Glenn Myer's Motion to Dismiss Walgreen Pharmacies and Prosperity Pharmacy (Dkt. 98).

Plaintiff filed this lawsuit on June 15, 2018 naming numerous defendants and alleging varied unnumbered counts. To begin, Plaintiff alleged that he experienced torture and violations of his Fourteenth Amendment rights while jailed at FADC and named Sheriff Kincaid, Deputy Mercedes, and Sharon Bulova as defendants in both their personal and official capacities, was well as FADC as an entity. Plaintiff alleged that he was jailed at FADC without bond after being charged with embezzling $200.00 of medical equipment. Plaintiff alleged that Deputy Mercedes gave the judge his record during this bond hearing. Plaintiff further alleged that while he was being processed at FADC he informed a nurse that he had cognitive dysfunction and required certain medication. While jailed, Plaintiff alleged that nurses and other correctional facility staff were hostile towards him, placed him in solitary confinement to detox from drugs, and prevented him from receiving necessary medications. This deprivation of medication allegedly caused Plaintiff to suffer seizures and other medical issues. Plaintiff also alleged that Deputy Mercedes manufactured

a handicap parking ticket and provided Plaintiff's criminal record to the judge that ordered Plaintiff's detention.

Plaintiff also included in his Amended Complaint allegations related to insurance fraud. Plaintiff received dry needling therapy from practitioners at Bodies in Motion. Plaintiff received a bill for the dry needling he claims he should not have been responsible for and that is the basis of his insurance fraud claim against Bodies in Motion and Michael Mastrostefano.

Plaintiff further alleged that Aetna Insurance violated ERISA by improperly denying his coverage claims in relation to the care Plaintiff received from Bodies in Motion, as well as numerous other physicians and pharmacists. Plaintiff also alleged that Aetna Insurance did not act in good faith in its dealings with Plaintiff in violation of ERISA.

Plaintiff went on to allege that unnamed pharmacists at three individual pharmacies, Walgreen Pharmacy, Inova Pharmacy, and Prosperity Pharmacy, would not provide him with the prescribed medications he required, or in the amount required. Further, they would not give him their pharmaceutical license numbers and failed to give him what he considers adequate counsel regarding the medications.

Lastly, Plaintiff alleges that he made numerous complaints to both Governor Northam and the board and staff members of the

Virginia Boards of Nursing, Pharmacy, and Physical Therapy. All of his complaints were either allegedly ignored, or no action was taken because Plaintiff could not provide the names of the alleged wrongdoers or there was no jurisdiction by the Board.

The Defendants now move for dismissal pursuant to Rules 12(b)(1) and 12(b)(6).

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court should dismiss the case if the complaint does not state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Numerous defendants argued that Plaintiff's Amended Complaint should be dismissed as frivolous or too insubstantial to be heard under Rule 12(b)(1). A complaint that contains claims that are "wholly insubstantial and frivolous" is outside the subject-matter jurisdiction of the federal courts. Bell v. Hood, 327 U.S. 678, 682-83 (1946). To reach that standard,

4

however, claims typically involve defiance of reality such as "little green men, or the plaintiff's recent trip to Pluto." Iqbal, 556 U.S. at 696 (Souter, J., dissenting). Here, Plaintiff's claims are dramatically stated, but none of them appear to defy reality. All of the actions described seem to be possible on our planet, even if the conclusions made about them are extreme. As plaintiff's claims are not "wholly insubstantial and frivolous" this Court is able to maintain subject-matter jurisdiction for the moment.

While Plaintiff's claims may be terrestrially possible, they are legally implausible. To begin, Plaintiff failed to state a claim against FADC, Sharon Bulova, Sheriff Kincaid, and Deputy Mercedes. To plead a Section 1983 action, one must show on the face of the complaint that a "policy or custom" of the entity is implicated in the violation of federal law. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). The same is true when bringing a suit against an individual in their official capacity. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995). To state a Section 1983 claim against an individual in their personal capacity, one must allege that the individual personally caused the deprivation of a federal right. Hafer v. Melo, 502 U.S. 21, 25 (1991) (quoting Graham, 473 U.S. at 166); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1971).

5

Here, Plaintiff has made no allegation of a policy or practice instituted by FADC, Sharon Bulova, or Sheriff Kincaid that would cause the deprivation of Plaintiff's federal rights. Plaintiff attached as Exhibit 5 to his Amended Complaint a letter from the Fairfax County Police Department discussing the conclusion of an investigation and finding the police officers to have followed policy. This is unavailing for two reasons: 1) the incident described in the letter is not the basis for this suit, 2) the Fairfax County Police Department and Fairfax County Sheriff's Office are separate entities and policies of one are not inherently policies of the other.

Further, Plaintiff has not made any allegations that either Sharon Bulova or Sheriff Kincaid interacted with Plaintiff in any way or personally caused the deprivation of a federal right. Also, Plaintiff stated that Deputy Mercedes manufactured a handicap ticket and handed a judge Plaintiff's criminal history. Neither of these actions by Deputy Mercedes implicates a federal right of Plaintiff's. As Plaintiff has not adequately alleged a policy or practice of FADC or the personal actions of Sharon Bulova, Sheriff Kincaid, or Deputy Mercedes caused the deprivation of his federal rights, Plaintiff has not stated a plausible claim for relief under Section 1983 against these defendants.

The Court now turns its attention to the fraud claims against Bodies in Motion and Mr. Mastrostefano and finds that Plaintiff failed to state a claim against them. Fraud must be pleaded with particularity as to the time, place, and manner of the offense. See Fed. R. Civ. P. 9(b); Lasercomb America, Inc. v. Reynolds, 911 F.2d 970, 980 (4th Cir. 1990). The elements of a common law fraud claim in Virginia are: (1) a false representation, (2) of a material fact; (3) made intentionally and knowingly, (4) with the intent to mislead, (5) reliance by the misled party, and (6) resulting damages. See Sales v. Kecoughtan Housing Co., Ltd., 279 Va. 475, 481 (2010). Here, Plaintiff has not adequately pleaded his fraud claim with the particularity required to survive a Rule 12(b)(6) motion. Plaintiff made no allegations that Bodies in Motion or Mr. Mastrostefano intended to mislead him nor claimed any actual damages. Without such allegations, Plaintiff has failed to state a claim against these defendants.

Next, the Court directs its attention towards the ERISA claims against Aetna Insurance. While ERISA does not have an explicit exhaustion provision, ERISA claimants are generally required to exhaust administrative remedies prior to filing an ERISA suit. See Hickey v. Digital Equip. Corp., 43 F.3d 941, 945 (4th Cir. 1995); Makar v. Health Care Corp. of Mid-Atlantic (CareFirst), 872 F.2d 80, 82-83 (4th Cir. 1989). The failure to

7

exhaust administrative remedies deprives the Court of subject-matter jurisdiction. Jones v. Calvert Group, Ltd., 551 F.3d 297, 301 (4th Cir. 2009). Here, it does not appear that Plaintiff pursued any administrative remedies, let alone exhausted them, and Plaintiff makes no allegations to the contrary.

Plaintiff may be seen to also plead a fiduciary duty provision claim against Aetna Insurance. This catchall, equitable remedy, however, is not typically appropriate when there are other provisions of ERISA that would provide relief. See, e.g., Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 105 (4th Cir. 2006). Such is the case here where there are provisions that allowed Plaintiff to seek remedies under the benefit plan pursuant to Section 502(a)(3). As Plaintiff failed to exhaust his administrative remedies and the equitable remedy under the fiduciary duty provision is inappropriate, the Court stands without subject-matter jurisdiction over these claims against Aetna Insurance.

The Court now addresses Plaintiff's claims against Inova Pharmacy and its unnamed, associated pharmacists. Plaintiff alleges that Inova and its pharmacists violated provisions of the Omnibus Budget Reconciliation Act of 1990 (OBRA-90) while providing Plaintiff with services, as well as violations of state law. Private citizens are generally unable to enforce federal law unless a private right of action is provided by

Congress. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001). Here, OBRA-90 is a budget reconciliation bill that, in part, directed states to create standards for pharmacies in order to be able to participate in the Medicaid prescription drug program. OBRA-90 provides no private right of action as the standards are meant to be enforced by the states if they choose to adopt them. As there is no private right of action, Plaintiff may not bring a suit under OBRA-90. The remaining claims against Inova are based on state law, and this Court declines to exercise supplemental jurisdiction over them after dismissing the claim under OBRA-90. See 28 U.S.C. § 1367(c).

The Court next takes up the claims against Governor Northam and the Individual State Defendants. For this Court to have jurisdiction over these claims, it must have subject-matter jurisdiction based either on diversity or a federal question. See 28 U.S.C. §§ 1331, 1332. It does not appear on the face of the Amended Complaint that there is a federal question raised in the claims against these defendants. These defendants are primarily alleged to have failed to respond to Plaintiff's complaints regarding nurses, pharmacists, and physical therapists in what Plaintiff believes is violation of Virginia law. Plaintiff is also unable to claim diversity jurisdiction as Plaintiff lives in Virginia and the residence of all these defendants is also Virginia. As there is neither a federal

question nor diversity, this Court stands without subject-matter jurisdiction over these defendants. Moreover, even if the Court had jurisdiction, Plaintiff failed to state a claim against these defendants as he did not allege any actions by them beyond their failure to respond to his complaints for which there is no legal claim.

The Court now moves to the claims against the Virginia Boards of Nursing, Pharmacy, and Physical Therapy. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Graham, 473 U.S. at 169. This bar is a limit on federal court jurisdiction over states and state entities. See Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006); Constantine v. Rectors, George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). Here, these three Boards are divisions of the Virginia Department of Health Professions, a Virginia executive branch agency. Va. Code Ann. §§ 54.1-2501, 54.1-2503. Thus, the Boards are part of a state agency and the Eleventh Amendment bars suit against them unless prospective relief is sought. Va. Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 255 (2011). The Amended Complaint contains no such claim for relief, therefore this Court stands without subject-matter jurisdiction over the Boards on these claims.

The Court turns to the Plaintiff's motion to dismiss Walgreen Pharmacies and Prosperity Pharmacy and their associated, unnamed pharmacists. The Court notes that Prosperity Pharmacy and their pharmacists have already been dismissed from the case due to a stipulation between those parties and Plaintiff. The Court also finds that there is now disagreement between Plaintiff and Walgreen Pharmacies and will grant Plaintiff's motion.

The Court finally turns to the defendants that have yet to be served or identified. This includes Fairfax County, Jane & Joe Doe Nurses, and Haas Doe Medical Records at ADC. A plaintiff must serve the defendant within ninety days of filing his complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the Court may dismiss the complaint. Id. The complaint in this suit was filed on June 15, 2018. As the ninety days has passed since the filing of the original complaint, an amended complaint has been filed without allegations against these defendants, and the Plaintiff has made no motion for an extension of time the Court finds dismissal of these unserved defendants appropriate.

For these reasons mentioned, the Court concludes that dismissal of all defendants is appropriate and that all of the Defendants' and Plaintiff's motions will be granted. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December _11_, 2018